UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ROLANDO RAMIREZ FUENTES,

      Petitioner,

v.                                         Case No.  2:26-cv-1068-JES-NPM

WARDEN, FLORIDA SOFT-SIDED
FACILITY SOUTH, et al.,

      Respondents.
_____/

## OPINION AND ORDER

Before the Court are Petitioner Rolando Ramirez Fuentes' petition for writ of habeas corpus (Doc. 1), the government's response (Doc. 9), and Ramirez Fuentes' reply (Doc. 12). For the below reasons, the Court grants the petition to the extent set forth in this Order.

### I.   Background

Ramirez Fuentes is a native and citizen of Cuba who entered the United States in 1980. (Doc. 9 at 1). Following a drug conviction in 2003, Ramirez Fuentes was served with a notice to appear, and an immigration judge issued an order of removal on February 12, 2004. (Id.)

In February of 2006, Ramirez Fuentes was detained in immigration custody for 77 days until he was released on an order of supervision. (Doc. 9 at 2). He was detained a second time in May of 2015 until he was released on a second order of supervision.

(Id.)  On July 3, 2025, Immigration and Customs Enforcement (ICE) revoked Ramirez Fuentes' second order of supervision and detained him for the third time for the purpose of executing his order of removal.  (Id.)  Not including the prior detention periods, Ramirez Fuentes has been detained in immigration custody for 299 days.

## II.  Discussion

"Once a noncitizen's order of removal becomes administratively final, the Government 'shall' remove the person within 90 days."  Singh v. U.S. Attorney Gen., 945 F.3d 1310, 1313 (11th Cir. 2019) (quoting 8 U.S.C. § 1231(a)(1)(A)).  The government must detain the noncitizen during the 90-day removal period, which begins when the removal order becomes administratively final.  Id.  Detention may continue after the removal period, but not indefinitely.

In Zadvydas v. Davis, 533 U.S. 678 (2001), the Supreme Court held that "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute."  533 U.S. at 700-01 (2001).  If removal is not practically attainable, detention no longer serves its statutory purpose of "assuring the alien's presence at the moment of removal."  Id. at 699.  The Court found it unlikely Congress "believed that all reasonably foreseeably removals could be accomplished in [90 days]."  Id. at 701.  So, "for the sake of

2

uniform administration in the federal courts," it established a "presumptively reasonable period of detention" of six months—the 90-day removal period plus an additional 90 days. Id. Courts use a burden-shifting framework to judge the constitutionality of additional post-removal detention. If, after 180 days, the noncitizen provides "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the government must provide sufficient evidence to show otherwise. Id.

Here, Respondents assert (and the Court agrees) that Ramirez Fuentes was given a final order of removal in 2004. (Doc. 9 at 1). The government tried, and failed, to remove him two times before his current detention. His third period of detention has now lasted 299 days— since July 3, 2025. Because the six-month period for presumptively reasonable detention has expired, Zadvydas's burden-shifting framework applies.

Respondents make no argument that Ramirez Fuentes's removal is likely in the reasonably foreseeable future. The sole argument against Ramirez Fuentes's release is that "ICE has served Ramirez Fuentes with notices of removal to Mexico but has been unable to effectuate the removals." (Doc. 9 at 2). They do not allege that Mexico—or any other country—has actually agreed to accept Ramirez Fuentes and they do not explain why no progress has been made on that front in the 299 days since Ramirez Fuentes was taken into

3

detention for the third time.  Nor do they allege that U.S. officials have contacted any other country about accepting Ramirez Fuentes.  In short, they do not demonstrate that they have done anything specifically to effectuate Ramirez Fuentes' removal in the 299 days he has been detained in immigration custody.  Under, Zadvydas, this is insufficient to show a realistic likelihood of Ramirez Fuentes's removal in the reasonably foreseeable future.[1] See Douglas v. Baker, 812 F.Supp.3d 525, 532 (D. Maryland Oct. 24, 2025) ("[T]he deference baked into the Zadvydas standard does not permit the government to detain a noncitizen and then sit on its hands.  Such inaction, or lack of progress in effectuating removal, is precisely what Zadvydas forbids.")

### III. Conclusion

The Court finds no significant likelihood that Ramirez Fuentes will be removed in the reasonably foreseeable future.  He is entitled to release from detention under Zadvydas, but he remains subject to the terms of an order of supervision.  If

---

[1] See 8 C.F.R. 241.13(f) ("Factors for consideration [as to whether there is a significant likelihood of removing a detained alien]. The HQPDU shall consider all the facts of the case including, but not limited to, the history of the alien's efforts to comply with the order of removal, the history of the Service's efforts to remove aliens to the country in question or to third countries, including the ongoing nature of the Service's efforts to remove this alien and the alien's assistance with those efforts, the reasonably foreseeable results of those efforts, and the views of the Department of State regarding the prospects for removal of aliens to the country or countries in question.").

Ramirez Fuentes fails to comply with the conditions of release, he may be subject to criminal penalties—including further detention. See 8 U.S.C. § 1253(b); Zadvydas, 533 U.S. at 695("[W]e nowhere deny the right of Congress ... to subject [aliens] to supervision with conditions when released from detention, or to incarcerate them where appropriate for violations of those conditions").

If removal becomes likely in the reasonably foreseeable future, ICE can re-detain Ramirez Fuentes to "assur[e] [his] presence at the moment of removal." Zadvydas, 533 U.S. at 680.

Accordingly, it is hereby

ORDERED:

1.    Rolando Ramirez Fuentes's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

2.    Respondents shall release Ramirez Fuentes within 24 hours of this Order, and they shall facilitate his transportation from the detention facility by allowing him telephone access to notify counsel and his family of when and where he can be collected.

3.    The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida on April 28, 2026.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

5